## THOMASSON *v.* STATE.

### Opinion delivered October 29, 1906.

WITNESS—DIRECT EXAMINATION.—It was not error to permit the prosecuting attorney to ask a reluctant witness for the State whether he had not made certain statements to himself and the grand jury.

Appeal from Hempstead Circuit Court; *Joel D. Conway,* Judge; affirmed.

*McMillan & McMillan,* for appellant.

It was error to permit counsel for the State, in examining the witness Johnson, to state before the jury that he, the witness, had made, in counsel's presence, different statements before the grand jury and to detail what they were, without first submitting to the witness his written testimony taken by the grand jury. Kirby's Digest, § 3139. It served the purpose of intimidating the witness and of permitting counsel, without being sworn, to testify in contradiction of the witness. 69 Ark. 653; 62 Ark. 496; 96 S. W. 129.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

There was positive testimony from the prosecuting witness sufficient to convict the appellant: yet, when in the course of the examination the witness became an unwilling witness and showed a disposition to shield the defendant, it was not improper to question him with reference to his testimony before the grand jury.

RIDDICK, J. This is an appeal by Bob Thomasson from a judgment of the Hempstead Circuit Court convicting him of selling whisky without license and assessing a fine against him for such offense.

The witness for the State testified that one Simms gave him fifty or seventy-five cents with which to purchase whisky, and that he went to defendant and obtained the whisky and delivered it to Simms. This witness was afflicted with a very weak memory, and was not certain whether he paid defendant for the whisky or not, but finally said that he thought that he did, or that to the "best of his knowledge" he did. He could not remember on what date the whisky was purchased, or whether it was within a year before the finding of the indictment or not. The State then put Simms on the stand, who testified that on one occasion he had given the prosecuting witness a small amount of money with which to procure whisky, that an hour or so afterwards the witness returned with the whisky, and that the date on which this transaction occurred was less than a year before the finding of the indictment.

The evidence of the prosecuting witness was not very satisfactory, but it impresses us with the belief that he was trying to shield the defendant as much as possible. In endeavoring to refresh his memory the prosecuting attorney was permitted to ask him whether he had not previously made certain statements to himself and the grand jury, and we think that under the circumstances it was permissible to ask such question. The circuit judge has a large discretion in matters of that kind, and we do not think there was any abuse of it in this case.

The facts and circumstances detailed by the witness Simms were part of the transaction by which the whisky was obtained by him. This testimony was competent in order to fix the date on which the whisky was sold, and to show that it was within one

year before the finding of the indictment, and that the prosecution was not barred by limitation.

On the whole case, we think that there was no prejudicial error, and that the evidence is sufficient to support the verdict.

Judgment affirmed.